UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS ORTIZ, | Case No.  1:26-cv-01712-KES-FRS (SKO) |
| Plaintiff, | **ORDER REQUIRING SUPPLEMENTAL BRIEFING ON PETITION FOR APPOINTMENT OF GUARDIAN *AD LITEM* AND DIRECTING MEDICAL EVIDENCE TO BE FILED UNDER SEAL** |
| v. | |
| COUNTY OF FRESNO, | |
| Defendant. | (Doc. 5) |
| | **FOURTEEN DAY DEADLINE** |

On March 2, 2026, Plaintiff Alexis Ortiz ("Plaintiff"), through counsel, filed this action bringing claims under 42 U.S.C. § 1983 against the County of Fresno for excessive and unreasonable force used during Plaintiff's arrest.  (Doc. 1.)  On March 3, 2026, Plaintiff filed a petition to appoint his mother, Sonia Linares ("Ms. Linares" or "Petitioner") as guardian *ad litem* of Plaintiff.  (Doc. 5.)  This petition is currently before the Court.

## I.    DISCUSSION

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  Rule 17(c) requires a district court to "take whatever measures it deems proper to protect an incompetent person during litigation."  *Davis v.*

1

*Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014) (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)).

In pertinent part, Local Rule 202(a) of this Court further states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian <u>ad</u> <u>litem</u> by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a).  The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

At the same time, the Ninth Circuit is clear that "the appointment of a guardian ad litem is more than a mere formalism," as "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *30.64 Acres of Land*, 795 F.2d at 805.  Appointment of a guardian *ad litem* implicates due process concerns because an incompetency finding and the subsequent appointment of a guardian *ad litem* deprives a litigant of the right to control the litigation and subjects the litigant to possible stigmatization.  *Gibson v. Hagerty Ins. Agency*, No. 1:16-cv-00677-DAD-BAM, 2017 WL 1022792, at *2 (E.D. Cal. Mar. 16, 2017) (citing *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)).

A person's capacity to sue is measured by the standard of the law of his domicile, in this case, California state law.  Fed. R. Civ. P. 17(b)(1).  "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citations omitted).  In determining whether an individual is incompetent, the Court may consider sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating physicians, and medical records. *Lamon v. McTaggart*, No. 1:22-CV-01421-KES-BAM (PC), 2025 WL 1532111, at *3 (E.D. Cal. May 28, 2025) (citing *Allen v. Calderon,* 408 F.3d 1150, 1153 (9th Cir. 2005) and *Raymond v. City of Bakersfield,* 2019 WL 6114962, at *2 (E.D. Cal. Nov. 18, 2019)).

Here, the petition has not presented sufficient evidence to warrant any competency

2

determination. The complaint in this action provides that Plaintiff is "an incompetent adult diagnosed with schizoaffective bipolar disorder," that Plaintiff "suffer[s] from a long list of symptoms, including a strong aversion to touch," receives biweekly medical injections to treat his illness, and that Plaintiff was "determined to be mentally incompetent and appointed a conservator" in a criminal case related to the underlying facts in this action. (Doc. 1 ¶¶ 5, 9, 13.) The petition, which is sworn to and signed by Ms. Linares, indicates the following: (1) she is the mother of Plaintiff Alexis Ortiz; (2) Plaintiff has no guardian of his estate and no previous application for appointment of a guardian *ad litem* in this matter has been filed; (3) Ms. Linares and Plaintiff reside in the same county; and (4) Ms. Linares is willing to serve as the guardian *ad litem* for Plaintiff. (Doc. 5 ¶¶ 1, 5, 7.) Additionally, the petition represents that Ms. Linares is "fully competent to understand and protect the rights of the Plaintiff and has no interest adverse to Plaintiff." (*Id.* ¶ 7.) The petition further states that Plaintiff was appointed a conservator in the criminal case related to the underlying facts in this action, and that on February 11, 2026, Plaintiff's conservatorship was terminated and the conservator discharged.[1]  (Doc. 5 ¶¶ 3, 6.)

But the petition provides no facts that show Plaintiff "lacks the capacity to understand the nature and consequences of the proceeding" or "is unable to assist counsel in preparation of the case." *Golden Gate Way, LLC*, 2012 WL 4482053, at *2. There is no declaration by Plaintiff, or medical evidence that has been submitted in support of the petition. Nor does the petition address the considerations for the test for incompetence, as set forth under California law.

Accordingly, the Court shall require the submission of medical evidence addressing the diagnosis and competency of Plaintiff. The Court is unable to make a determination as to Plaintiff's competency without the submission of such evidence. *See Rubio v. City of Visalia, et al.*, No. 1:21-cv-00286-DAD-SAB (E.D. Cal. Mar. 16, 2022). Plaintiff has a legitimate privacy interest in the medical records and the Court finds good cause exists for such documents to be filed under seal. The Court shall also require a declaration from Petitioner addressing these issues and her ability to

---

[1] Evidence that a guardian *ad litem* has been appointed recently in a state court action is insufficient, on its own, to support a finding that a guardian *ad litem* should be appointed in this action. *See Raymond*, 2019 WL 6114962, at *3 (denying motion for appointment of a guardian *ad litem* due to incompetency where plaintiff was appointed a guardian *ad litem* in a state court action but offered insufficient evidence concerning his ability to take part in the instant proceedings and prosecute his claims).

represent Plaintiff as guardian *ad litem*.

## II. CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Within **fourteen (14) days** of the date of entry of this order, Plaintiff shall submit supplemental briefing in support of the petition for appointment of guardian *ad litem* as discussed herein, including medical records and a supplemental declaration from Petitioner Sonia Linares; and

2. To protect Plaintiff's confidential medical information, Plaintiff shall file the required medical evidence, declarations, or letters addressing medical issues under seal. Plaintiff is directed to Local Rule 141(e)(2)(i) for the procedure to submit documents to be sealed.

IT IS SO ORDERED.

Dated:   **March 9, 2026**                   /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE