UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXIS ORTIZ,

Plaintiff,

v.

COUNTY OF FRESNO, et al.,

Defendants.

Case No. 1:26-CV-01712-KES-FJS

ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT

(ECF No. 21)

[SEVEN (7) DAY DEADLINE]

I. INTRODUCTION

On March 2, 2026, Plaintiff Alexis Ortiz ("Plaintiff"), pursuant to 42 U.S.C. 1983, brought claims for (1) excessive force and (2) *Monell* liability[1]. (ECF No. 1.)

On April 1, 2026, Plaintiff filed his first amended complaint. (ECF No. 9.)

On June 24, 2026, this court issued its scheduling conference order. (ECF No. 28.) Of relevance here is the August 28, 2026, "joinder and amendment to pleadings" deadline. (*Id.* at 2.)

On August 28, 2026, Plaintiff timely moved for leave to file a second amended complaint "to substitute Fresno County Sheriff's Office deputies Victor Rosales, Nico Sarafian, Asadour Wairdian, Ryan O'Donnell, and Lt. Mike George for Doe defendants 1-5." (ECF No. 21 at 3.)

On September 10, 2026, Defendant County of Fresno filed its statement of non-opposition

[1] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

to the pending motion. (ECF No. 24.)

On October 2, 2026, the court took Plaintiff's motion under submission. (ECF No. 25.)

II. <u>DISCUSSION</u>

Because Plaintiff moved to amend the pleadings prior to the operative deadline set forth by the court's June 24, 2026, scheduling order, the court need not consider whether Plaintiff has shown good cause for their amendment under Fed. R. Civ P. 16(b). *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, Plaintiff's motion to amend is considered under Rule 15 of the Federal Rules of Civil Procedure. *See Deveroux v. Cnty. of Kern,* No. 1:23-CV-00239-CDB, 2024 WL 3304256, at *1 (E.D. Cal. July 3, 2024).

Rule 15 states that "a party may amend its pleading only with the opposition party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule further instructs that "[t]he court should freely grant leave when justice so requires." *Id. See Amerisource Bergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (characterizing Rule 15(a) as "very liberal"). The rule's "purpose is to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (quoting 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1471, p. 587 (3d ed. 2010)).

Nevertheless, there are boundaries to the "freely give[n] leave" available under Rule 15(a)(2). Leave to amend should not be granted where amendment would: (1) prejudice the opposing party; (2) result from the movant's repeated failure to cure deficiencies by amendments previously allowed; (3) create undue delay; (4) be futile; or (5) be in bad faith. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). These factors are non-exhaustive but not equal in weight. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Prejudice to the opposing party carries the greatest weight," and the burden of showing prejudice remains on the party opposing the amendment. *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 186-87 (9th

Cir. 1987). And "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Having considered the merits of Plaintiff's motion in light of the factors set forth above, and given Defendants' non-opposition to the motion, the court finds that amendment would not unduly prejudice the Defendants. Because Plaintiff moved to file by the deadline set forth in this court's scheduling order, the court also finds that Plaintiff has not created undue delay. Likewise, there is no evidence to suggest that Plaintiff's motion was brought in bad faith. In fact, just two days after Plaintiff received an arrest report that allowed for identification of previously named Doe Defendants, Plaintiff promptly moved to amend. (*See* ECF No. 21 at 4 ("On August 26, 2026, Defendant County produced the arrest report for the incident, containing narratives from each involved Fresno County Sheriff's Office deputy that reveal their precise involvement and/or integral participation in the alleged excessive uses of force. The arrest report supports substituting Does 1-5 for Fresno County Sheriff's Office deputies Victor Rosales, Nico Sarafian, Asadour Wairdian, Ryan O'Donnell, and Lt. Mike George.").) Moreover, there is no evidence available to the court to suggest that amendment is futile. Accordingly, the court will grant Plaintiff's motion to amend (ECF No. 21).

III. CONCLUSION AND ORDER

For the reasons set forth above, and good cause appearing, IT IS HEREBY ORDERED that:

(1) Plaintiff's motion to file a second amended complaint (ECF No. 21) is GRANTED; and

(2) Within seven (7) days of the entry of this order, Plaintiff SHALL file the lodged second amended complaint (ECF No. 21-3) as a standalone docket entry; and

(3) Following issuance and service of summonses for any newly added parties, Defendants shall file an answer or other responsive pleading to the First Amended Complaint in compliance with Fed. R. Civ. P. 15(a)(3) and all applicable Local Rules.

IT IS SO ORDERED.

Dated: **October 29, 2026**

UNITED STATES MAGISTRATE JUDGE